UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RYAN MICHAEL KERWIN, :
:
    Plaintiff :
:
v. : CIVIL NO. 1:CV-00-1986
:
STATE CORRECTIONAL INSTITUTION : (Judge Caldwell)
OF SMITHFIELD, ET AL., :
:
    Defendants :

ORDER

FILED
HARRISBURG, PA
JAN 0 5 2001
MARY E. D'ANDREA, CLERK
PER_____ DEPUTY CLERK

**Background**

    Plaintiff Ryan Michael Kerwin, an inmate at the Smithfield State Correctional Institution, Huntingdon, Pennsylvania, filed this civil rights action under 42 U.S.C. § 1983. On November 30, 2000, the court received from the plaintiff a motion for appointment of counsel (Doc. 7).

    Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, the court does have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal

issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

Kerwin's motion fails to set forth sufficient special circumstances or factors that would warrant appointment of counsel. Tabron, supra, at 155-56. In the pleadings submitted by plaintiff to date, he has demonstrated that he is capable of presenting comprehensible arguments. Furthermore, this court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with plaintiff's apparent ability to litigate this action pro se, mitigate against the appointment of counsel. Moreover, the legal issues are relatively uncomplicated, and the court cannot say, at least at this point, that Kerwin will suffer substantial prejudice if he is forced to prosecute this case on his own.

It is also important to consider the effort made to retain an attorney before asking the court to appoint one. See Tabron, supra, 6 F.3d at 157 n.5. Kerwin does not indicate he attempted to obtain counsel on his own before asking the court to do it for him.

Therefore, Kerwin's motion for appointment of counsel will be denied. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either sua sponte or upon a motion properly filed by the plaintiff.

2

AND NOW, this 5th day of January, 2001, it is ordered that Plaintiff's motion for appointment of counsel (Doc. 7) is denied.

*William W Caldwell*
WILLIAM W. CALDWELL
United States District Judge

```
             UNITED STATES DISTRICT COURT
                      FOR THE
             MIDDLE DISTRICT OF PENNSYLVANIA

              * * MAILING CERTIFICATE OF CLERK * *

                      January 5, 2001


Re:  1:00-cv-01986    Kerwin v. State Correction


True and correct copies of the attached were mailed by the clerk
to the following:


     Ryan Michael Kerwin
     SCI-SM
     #DZ0246
     P.O. Box 999
     1120 Pike St.
     Huntingdon, PA  16652




cc:
Judge                        ( / )
Magistrate Judge             (   )
U.S. Marshal                 (   )
Probation                    (   )
U.S. Attorney                (   )
Atty. for Deft.              (   )
Defendant                    (   )
Warden                       (   )
Bureau of Prisons            (   )
Ct Reporter                  (   )
Ctroom Deputy                (   )
Orig-Security                (   )
Federal Public Defender      (   )
Summons Issued               (   )  with N/C attached to complt. and served by:
                                    U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5          (   )
Order to Show Cause          (   )  with Petition attached & mailed certified mail
                                    to:  US Atty Gen ( )    PA Atty Gen ( )
                                         DA of County ( )   Respondents ( )
Bankruptcy Court
Other____Pisko____           ( / )
         Varner
                                                MARY E. D'ANDREA, Clerk


DATE: _____1-5-01_____        BY: _____
                                              Deputy Clerk
```