IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN MICHAEL KERWIN, | : |
| Plaintiff | : |
| vs. | : CIVIL NO. 1:CV-00-1986 |
| | : (Judge Caldwell) |
| ROBERT S. BITNER, et. al, | : |
| Defendants | : |

M E M O R A N D U M

I. Introduction.

Ryan Michael Kerwin, an inmate at the State Correctional Institute at Smithfield ("SCI-Smithfield"), Huntingdon, Pennsylvania, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983. He claims that the defendants violated due process by authorizing his confinement in restricted housing for eight days beyond the sixty-day period imposed for a disciplinary infraction. The complaint is accompanied by an application to proceed in forma pauperis.[1] For the reasons that follow, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) for failure to state a claim upon which relief may be granted.

---

[1] Kerwin completed this court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account. The court then issued an Administrative Order directing the warden at his present place of confinement to commence deducting the full filing fee from plaintiff's prison trust fund account.

II.     Background.

Kerwin initially filed his complaint in November 2000 naming SCI-Smithfield, SCI-Smithfield's Program Review Committee and the Superintendent of SCI-Smithfield as defendants. Kerwin then filed a motion to amend the complaint which the Court granted. Kerwin's amended complaint incorporates by reference the factual allegations of his original filing and replaces the original defendants with the following individuals, named in their individual and official capacities: Robert S. Bitner, Chief Hearing Examiner; James M. Morgan[2], SCI-Smithfield Superintendent; A.C. Biviano, Deputy for Centralized Services; Captain Harlow and F.R. Royer, Program Manager.[3]

Kerwin alleges the following. On May 10, 2000, he was placed in pre-hearing confinement in SCI-Smithfield's restricted housing unit ("RHU") pending resolution of a misconduct for refusing to obey an order. On May 12, 2000, he was found guilty of the misconduct and given the sanction of sixty days disciplinary custody in the RHU. The same day, Kerwin was transferred to the Bucks County Correctional Facility pursuant to a writ for authorized temporary absence from state custody.

---

[2] Since Kerwin filed this lawsuit, James M. Morgan retired from his position as SCI-Smithfield's Superintendent effective June 6, 2001.

[3] For the purposes of this Court's review, Kerwin's original complaint (doc. 1) and amended complaint (doc. 16) will be collectively construed as his complaint in this matter.

-2-

Kerwin remained at Bucks County prison until July 13, 2000. When he returned to SCI-Smithfield he was again placed in the RHU. He remained there until August 14, 2001, when he was again sent to the Bucks County facility.[4] At the Bucks County prison he was placed in administrative custody at the direction of SCI-Smithfield officials, remaining in that custody a total of eight days until his return to SCI-Smithfield on August 22, 2000. Upon his arrival at SCI-Smithfield, he was again placed in the RHU. Kerwin was released from SCI-Smithfield's RHU on September 15, 2000.[5]

Kerwin's due process claim is that the defendants failed to credit his sixty-day SCI-Smithfield misconduct sanction with the eight days spent in administrative segregation at Bucks County prison. Because the defendants denied him this credit, he believes he served more time in the RHU than was imposed by the disciplinary sanction. Kerwin seeks compensatory and punitive damages for the supposedly extra eight days he spent in disciplinary custody.

---

[4] According to the Court's calculations, at this point Kerwin had spent a total of thirty-six days in SCI-Smithfield's RHU toward his sixty-day disciplinary sentence.

[5] Plaintiff spent an additional twenty-four days in SCI-Smithfield's RHU in disciplinary custody status upon his return from the Bucks County prison.

-3-

III. Discussion.

To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Kerwin claims that the defendants violated his right to due process when they held him in disciplinary custody eight days past the disciplinary sanction imposed by the hearing examiner. Analysis of Plaintiff's due process claim begins with determining whether a constitutionally protected liberty interest exists.

Under the Fourteenth Amendment, protected liberty interests may arise from the Constitution itself or may be created by state law. Hewitt v. Helms, 459 U.S. 460, 466 (1983). It is well established that an inmate has no liberty interest under the Due Process Clause to be classified in the general prison population. Sheehan v. Beyer, 51 F.3d 1170, 1175 (3d Cir. 1995). However, a state may create a liberty interest if the correctional institution's action imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 484. To determine what might be an "atypical and significant hardship" in the context of disciplinary confinement, the Third Circuit noted that the Supreme

-4-

Court has examined two factors: "1) the amount of time the prisoner was placed into disciplinary segregation; and 2) whether the conditions of his confinement in disciplinary segregation were significantly more restrictive than those imposed on other inmates in solitary confinement." Shoats v. Horn, 213 F.3d 140, 144 (3d Cir. 2000) (citing Sandin, 515 U.S. at 486).

Consistent with the foregoing authorities, the plaintiff has failed to allege a due process claim. Presuming for the sake of argument that Kerwin did spend an extra eight days in the RHU because the defendants failed to credit him for time he spent in administrative detention in Bucks County, that stay, in and of itself, does not rise to an "atypical and significant hardship" in relation to the ordinary incidents of prison life and thus presents no constitutional violation. See Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997)(under Sandin there was no liberty interest for an inmate's fifteen-month stay in administrative custody pending an investigation into his involvement in the rape of a prison guard).

We will issue an appropriate order.

/s/ William W. Caldwell
WILLIAM W. CALDWELL
United States District Judge

Date: July 11, 2001

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

July 11, 2001

Re: 1:00-cv-01986    Kerwin v. State Correction

True and correct copies of the attached were mailed by the clerk to the following:

Ryan Michael Kerwin
SCI-SM
#DZ0246
P.O. Box 999
1120 Pike St.
Huntingdon, PA   16652

cc:
Judge                          (✓)      (✓) Pro Se Law Clerk
Magistrate Judge               ( )      ( ) INS
U.S. Marshal                   ( )      ( ) Jury Clerk
Probation                      ( )
U.S. Attorney                  ( )
Atty. for Deft.                ( )
Defendant                      ( )
Warden                         ( )
Bureau of Prisons              ( )
Ct Reporter                    ( )
Ctroom Deputy                  ( )
Orig-Security                  (✓)
Federal Public Defender        ( )
Summons Issued                 ( )   with N/C attached to complt. and served by:
                                     U.S. Marshal ( )   Pltf's Attorney ( )
Standard Order 93-5            ( )
Order to Show Cause            ( )   with Petition attached & mailed certified mail
                                     to:  US Atty Gen   ( )   PA Atty Gen ( )
                                          DA of County  ( )   Respondents ( )
Bankruptcy Court               ( )
Other_____     ( )

                                                MARY E. D'ANDREA, Clerk

DATE: ___7/11/01___                     BY: _____
                                                Deputy Clerk